UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE LARON JOHNSON, EDWARD K. DEMBRY, LARRY RIDDLE-EVANS, BOBBY DAWKINS, CORNELL ROBERSON, and AARON TEAGUE, | Case No. 24-CV-4226 (PAM/JFD) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| AWA WESTPAL and TRACY BELTZ, | |
| Defendants. | |

This case is before the Court on Plaintiffs' "42 U.S.C. § 1983 Complaint" (Dkt. No. 1), several Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs (Dkt. Nos. 8, 9, 12 ("IFP Applications")), and Plaintiff Eugene Laron Johnson's Motion for In-Person Service (Dkt. No. 13 ("Service Motion")). For the following reasons, the Court recommends dismissing the case and denying the IFP Applications and Service Motion as moot.

Plaintiff Eugene Laron Johnson is plainly the leading force behind this litigation; he is the only plaintiff to have signed the Complaint. (*See* Compl. 9.) When this action was filed, Mr. Johnson was a prisoner at the Minnesota Correctional Facility in Faribault,

Minnesota ("MCF-Faribault"). (*See, e.g.*, Dkt. No. 1-3.[1]) The Complaint names two defendants: "AWA Westpal," identified as MCF-Faribault's "assistant warden"; and Tracy Beltz, the facility's warden. (*See* Compl. 1.)

The Complaint alleges that MCF-Faribault banned "seg ink pens" in its segregation unit, forcing prisoners to use instead "inadequate flexible pencil[s]." (*See, e.g.*, *id.* at 2–4.) The Complaint asserts that this violates constitutional protections concerning due process, free speech, equal protection, and cruel and unusual punishment, as well as the Americans with Disabilities Act ("ADA"). (*See, e.g.*, *id.* at 8.) The Complaint further asserts that the ink-pen ban lacks a legitimate penological interest, inappropriately varies across Minnesota prisons, and impedes inmates' ability to communicate, including filing legal documents. (*See, e.g.*, *id.* at 5–6.) For relief, Plaintiffs seek compensatory, punitive, and nominal damages. (*See id.* at 9.)

As a threshold matter, the Court notes that while the Complaint claims to represent several prisoners (*see id.* at 1, 9), only Mr. Johnson signed it (*see id.* at 9). Nonlawyers cannot represent others in federal court. *See, e.g.*, *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (citing authorities); *United States We the People Minn. v. Minnesota*, No. 23-CV-3094 (DWF/DTS), 2023 WL 7308448, at *1 (D. Minn. Oct. 12, 2023) (same). The Court previously warned Mr. Johnson about this issue and instructed that "each plaintiff must sign any filings on behalf of multiple plaintiffs." (*See* Order 2 n.2,

---

[1] The Minnesota Department of Corrections' online inmate locater indicates that authorities have since transferred Mr. Johnson to the Minnesota Correctional Facility–Stillwater in Bayport, Minnesota.

Dkt. No. 15.) No corrections to the Complaint have been submitted. The Court therefore recommends dismissing without prejudice any claims purportedly brought on behalf of plaintiffs other than Mr. Johnson, and correspondingly denying as moot the IFP Applications from these other plaintiffs (Dkt. Nos. 8–9).

This leaves Mr. Johnson's claims. Rather than pay this action's filing fee, Mr. Johnson submitted his own IFP application, which suggests that as a financial matter he could qualify for *in forma pauperis* ("IFP") status. But federal law requires courts to dismiss an IFP proceeding if it is frivolous or fails to state a valid claim. *See* 28 U.S.C. § 1915(e)(2).

The Court finds that review for frivolity resolves this case. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (making same point (citing *Neitzke*)). Specifically, a claim is legally frivolous when it relies on an "inarguable legal conclusion." *Neitzke*, 490 U.S. at 325; *see also McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (noting claim is legally frivolous if "'based on an indisputably meritless legal theory'" (quoting *Neitzke*, 490 U.S. at 327)).

At root, Mr. Johnson claims that being forced to use pencils instead of ink pens violates multiple constitutional and statutory rights. While certain writing tools may have advantages over others, claiming that being required to use pencils instead of pens violates one's constitutional or statutory rights is absurd. *Cf. Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course a *de minimis* level of imposition with which the Constitution is not concerned."); *Jackson v. Buckman*, 756 F.3d 1060, 1067 (8th Cir. 2014)

3

(citing *Ingraham*-reliant caselaw); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (same). In *Smith v. Copeland*, for instance, the U.S. Court of Appeals for the Eighth Circuit ruled that a pretrial detainee's exposure to "raw sewage" from an "overflowed toilet" for four days was a "*de minimis* imposition" that "[did] not implicate constitutional concerns." *Smith*, 87 F.3d at 268. If such impositions are considered minimal for pretrial detainees—who have greater constitutional protections than prisoners like Mr. Johnson—then his frustration over lacking ink pens clearly falls short of constitutional scrutiny.[2]

The Court thus finds that Mr. Johnson's claims in the Complaint—the only claims remaining—are frivolous. The Court therefore recommends dismissing these claims without prejudice under 28 U.S.C. § 1915(e)(2). Based on this recommendation, the Court also recommends denying Mr. Johnson's IFP application, and the Service Motion, as moot.

---

[2] To be sure, Mr. Johnson alleges that injuries resulted from his inability to access ink pens: he claims to have been so frustrated by the decision that he injured himself by kicking the walls of his cell and gnashing his own teeth. (*See* Compl. 3.) Respectfully, attributing self-injury to prison officials based on one's reactions to facility rules on writing instruments is absurd.

Mr. Johnson also claims the pencil requirement violates the Act. (*See id.* at 8.) He likely means Title II of the ADA, which prohibits discrimination by public entities. *See, e.g., Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) (concluding that Title II applies to state correctional facilities). This claim is also frivolous. A Title II claim requires alleging discrimination based on disability. *See, e.g., Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (quoting *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)). The Complaint utterly eschews any such showing—in fact, to the contrary, Mr. Johnson complains that the ban applied to *all* segregation-unit prisoners. (*See* Compl. 3.)

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** to the extent it purports to bring claims on behalf of any Plaintiffs other than Eugene Laron Johnson;

2. The applications to proceed *in forma pauperis* submitted by Plaintiffs Larry Riddle-Evans and Edward K. Dembry (Dkt. Nos. 8 and 9) be **DENIED** as moot;

3. Mr. Johnson's claims in this action be **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2); and

4. Mr. Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 12) and Motion for In-Person Service (Dkt. No. 13) be **DENIED** as moot.

Dated: March 11, 2025                    __s/ *John F. Docherty*_____
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).